

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 17, 1958

Honorable Sam Lee          Opinion No. WW-371
District Attorney
Brazoria County            Re: Whether Brazoria County
Angleton, Texas                may construct a museum
                               building, issue time war-
                               rants to finance such
                               construction, and related
Dear Mr. Lee:                  questions.

You have requested our opinion on the following questions:

> "(1) Can the Brazoria County Commissioners'
>     Court issue time warrants to construct
>     a museum building?
>
> "(2) Can Brazoria County maintain said museum
>     building and facilities in connection
>     therewith?
>
> "(3) Can Brazoria County provide the funds
>     necessary to pay curators and other
>     personnel necessary to the operation
>     of the museum?
>
> "(4) Can the museum be built, if it can be
>     built, on a location other than at the
>     county seat, or on what is now known
>     as the Fair Grounds?"

Section 1 of Article 2372d, V.C.S., as amended, is as fol-
lows:

> "All counties in the State acting by and
> through their respective Commissioners'
> Courts may provide for annual exhibits of

> horticultural and agricultural products,
> livestock and mineral products, and such
> other products as are of interest to the
> community. In connection therewith, such
> counties may also establish and maintain
> museums, including the erection of the
> necessary buildings and other improvements,
> in their own counties or in any other
> county or city in the United States, where
> fairs or expositions are being held."

In the case of Adams v. McGill, 146 S.W. 2d 332 (Civ.App.,
1941, error ref.), at page 334, the court said:

> "The concrete question presented by this
> appeal is: Has El Paso County the power
> to contract and pay for the construction
> of the building in question with time
> warrants?"

The building was to be constructed as an improvement on the
El Paso County Livestock and Agricultural Exhibition Build-
ing and the court held (page 335) as follows:

> "Article 2372d gives the power to con-
> struct the improvement. We think im-
> plied in that power is the authority to
> use the revenues of the county within
> lawful limits to construct the improve-
> ment."

And at page 336 the court announced the rule as follows:

> "This proposition we deem sustained by
> authority: A county, subject to the
> express restrictions imposed by the Con-
> stitution and general laws, has the power
> to issue time warrants in payment for im-
> provements it is expressly authorized to

> construct, provided that the applicable
> regulations relating to the issuance of
> such warrants be observed."

We think this holding of the court applies with equal force
to the construction of county museum buildings, and your
first question is answered in the affirmative, providing
the warrants are issued within the limitations of Article
2368a, V.C.S., as amended, and the debt thereby created is
justified by the taxable values of the county.

The Commissioners' Court, in the exercise of its sound dis-
cretion, may also provide for such building maintenance and
personnel as may be necessary for the operation of the museum,
the rule being as follows:

> "Whenever a power is given by statute,
> everything necessary to make it effec-
> tual or requisite to attain the end is
> implied . . .   The grant of an express
> power carries with it, by necessary im-
> plication, every other power necessary
> and proper to the execution of the power
> expressly granted." Terrell v. Sparks,
> 104 Tex. 191, 135 S.W. 519.

Accordingly, your second and third questions are answered in
the affirmative.

In reference to your fourth question, it is noted that Sec-
tion 1 of Article 2372d, supra, includes the phrase "In con-
nection therewith." We do not construe this phrase to refer
to a particular site or exhibition building, but rather to
the power conferred upon counties to provide for exhibits.
That power is then broadened to include the additional powers
pertaining to museums.  This statute confers a broad dis-
cretionary power upon the Commissioners' Court and we think
the legislative intent is clear to the effect that the Com-
missioners' Court, in the exercise of its sound discretion,

is authorized to choose that site within the county which will best serve the county.

## SUMMARY

Brazoria County Commissioners' Court may issue time warrants to the extent permitted by the county's taxable values, within the limitations of Article 2368a, V.C.S., as amended, to finance construction of a museum building, may maintain said building and its contents, and may employ personnel necessary for maintenance of the building and operation of the museum. The building may be constructed upon any site within the county considered suitable by the Commissioners' Court in the exercise of its sound discretion.

Very truly yours,

WILL WILSON
Attorney General

By Howard W. Mays
Howard W. Mays
Assistant

HWM-s

APPROVED:

OPINION COMMITTEE

George P. Blackburn, Chairman

Cecil C. Rotsch
J. Mark McLaughlin
J. Milton Richardson
John H. Minton

REVIEWED FOR THE ATTORNEY GENERAL
By:   W. V. Geppert